IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| L. ROCHELLE BANKHEAD,<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., AMAZON DATA SERVICES INDIA PRIVATE LIMITED, and AMIT AGARWAL, CEO of Amazon India,<br><br>        Defendants. | Case No. 3:24-cv-0167-TCB |

**REPLY IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Motion to Dismiss filed by Defendants Amazon.com, Inc. ("Amazon"), Amazon Data Services India Private Limited ("Amazon India"),[1] and Amit Agarwal ("Agarwal") (collectively, "Defendants") demonstrates that Plaintiff's Complaint is legally deficient and should be dismissed with prejudice. (*See* ECF No. 15 ("Mot.")). Plaintiff's Opposition addresses few of the arguments raised in the Motion, thereby conceding several of the various asserted grounds for dismissal. (*See* ECF No. 21 ("Opp.")). Plaintiff's Opposition is instead filled with distinguishable caselaw, unresponsive arguments, inapplicable statutes, and (non-viable) claims that were not pled in the Complaint. The Court should reject Plaintiff's new claims out of hand, grant

---

[1] On March 12, 2025, the Court ordered that all references to Defendant "Amazon India Private Limited" be corrected to "Amazon Data Services India Private Limited." (*See* ECF No. 22).

Defendants' Motion, and dismiss Plaintiff's Complaint with prejudice under Fed. R. Civ. P. 12(b)(6) and 12(b)(2).

## I. ARGUMENT

### A. Plaintiff does not dispute that the Federal Trade Commission Act ("FTCA") claim in Count I fails because the FTCA does not provide for a private cause of action.

The Defendants' Motion shows that Plaintiff's FTCA claim fails as a matter of law because there is no private right of action under the FTCA. (Mot. at 5). Plaintiff's Opposition fails to cite any caselaw or statutory authority holding otherwise. In fact, Plaintiff's Opposition acknowledges that only "the FTC has authority to bring enforcement actions" under 15 U.S.C. § 45(a)(1), and cites to a case brought by the Federal Trade Commission. (Opp. at 6–7 (citing *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d. Cir. 2015))).[2] Therefore, there is no dispute that Plaintiff's FTCA action under Count I fails as a matter of law and should be dismissed with prejudice.

### B. Plaintiff does not dispute that the Computer Fraud and Abuse Act ("CFAA") claim in Count II fails because the CFAA only provides for claims against the party who unlawfully accessed her information.

Defendants' Motion demonstrates that Plaintiff has sued the wrong party for her CFAA claim. (Mot. at 5–7). The CFAA only provides a civil cause of action against the "violator," defined as the party who unlawfully accessed Plaintiff's confidential information without authorization. (*See id.* at 6–7). The Complaint, however, does not allege that *Defendants* unlawfully accessed Plaintiff's Amazon account and, thus, they

---

[2] The other case Plaintiff cites, *In re Equifax, Inc. Customer Data Security Breach Litig.*, 999 F.3d 1247 (11th Cir. 2021), does not even mention the FTCA. (*See* Opp. at 6).

are not "violators" under the CFAA. (*See id.* at 7). Plaintiff does not contest these points in her Opposition and therefore concedes them.³ *Barnes v. AstraZeneca Pharms. LP*, 253 F.Supp.3d 1168, 1171 (N.D. Ga. 2017) ("When an argument is raised upon [a] motion to dismiss that a claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal."). Accordingly, the Court should dismiss Count II of the Complaint with prejudice.

      C.    **Under Georgia law, Plaintiff's negligence claim in Count III fails as a matter of law; the Opposition does not support a contrary ruling.**

Plaintiff argues that Defendants' alleged security failures negligently exposed her data to unauthorized access. (Opp. at 1–4). But Georgia law is clear that there is no common law duty to safeguard the information at issue here (*see* Mot. at 7–8), and no argument or case cited in the Opposition dictates a contrary conclusion. (*See* Opp. at 2, 4, 13 15–16).

Plaintiff cites only a single case applying Georgia law, *In re Equifax, Inc. Customer Data Security Breach Litigation*, 999 F.3d 1247, 1257 (11th Cir. 2021). This case is inapposite. The issue on appeal was *not* the viability of a negligence claim under Georgia law, but instead the district court's approval of a class action settlement agreement. *Id.* at 1257–60. Earlier in the case, the district court had denied a motion to dismiss negligence claims based on an alleged failure to safeguard personal information. *See id.* at 1257; *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-md-2800-

---

³ Plaintiff in fact does not even mention her CFAA claim in her Opposition.

3

TWT, 2020 WL 256132, at *1 (N.D. Ga. Mar. 17, 2020) (explaining that, by order dated January 28, 2019, "[t]he Court allowed the negligence and negligence per se claims to proceed under Georgia law"). But that district court decision was not appealed, and, more importantly, was issued **before** the Georgia Supreme Court's May 20, 2019 decision in *Dep't of Labor v. McConnell*, 828 S.E.2d 252, 358 (Ga. 2019), which confirmed that there is no duty under Georgia law to safeguard personal information or protect information against negligent disclosure. (*See* Mot. at 8). Tellingly, Plaintiff does not address, or even mention, *McConnell* in her Opposition, let alone explain why or how the earlier district court decision in *In re Equifax* carries any weight after the Georgia Supreme Court's decision in *McConnell*.

Plaintiff's remaining cases similarly fail to support a negligence claim under Georgia law. Two of her cited cases that mention a negligence claim in passing are from other jurisdictions that do not address Georgia law and are not binding on this Court. *See In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1131–32, 1147–50 (N.D. Cal. 2018) (denying motion to dismiss gross negligence claim under California law based on the economic loss rule); *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 697 (7th Cir. 2015) (reversing dismissal of negligence claim based on Article III standing grounds). Another case cited in the Opposition, *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015), does not even address a negligence

claim. (*See* Opp. at 4, 13).[4]  Accordingly, Count III fails as a matter of law and should be dismissed with prejudice.

      **D.**    **Plaintiff's Opposition does not offer any support for a claim against Defendant Agarwal.**

As set forth in Defendants' Motion, Plaintiff's Complaint improperly attempts to impose liability on Defendant Agarwal, purportedly based on his status as a corporate officer of Amazon India, by lumping all "Defendants" together. (*See* Mot. at 8–10). The Complaint lacks any specific allegations that Agarwal directed, participated in, or cooperated in any alleged unlawful conduct to justify piercing the corporate veil or otherwise hold Agarwal personally liable. (*See id.* at 9).  In response, Plaintiff relies on inapplicable caselaw and overstates their holdings to manufacture a claim against Agarwal for his alleged failure to act. (*See* Opp. at 9–11).[5]  Plaintiff's attempt fails, as she offers no authority to support her argument.

Two of the cases that Plaintiff cites do not involve a claim against a corporate officer like Agarwal. *See generally, In re Facebook Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767 (N.D. Cal. 2019); *In re Equifax*, 999 F.3d at 1247.  Plaintiff also cites to a decision of the Court of Justice of the European Union, *Schrems II, Case*

---

[4] Plaintiff also cites to "*Doe v. Internet Company*, 2022 U.S. Dist. LEXIS 198342 (D.D.C. 2022)", but 2022 U.S. Dist. LEXIS 198342 refers to *U.S. v. Ceballo*, No. 21-152 (SCC), 2022 U.S. Dist. LEXIS 198342, (D.P.R. Oct. 31, 2022), which seemingly does not relate to the issues in this dispute. (*See* Opp. at 4).

[5] Defendants are unable to locate any case entitled "*United States v. Online Platform, Inc.*, 2021" as cited by Plaintiff in her Opposition. (*See* Opp. at 11).

*C-311/18 (CJEU 2020)*, but fails to establish how a foreign court's decision on international data protection laws has any relevance. (*See* Opp. at 10). The only case cited in the Opposition that even involved an action against a corporate officer is distinguishable from the "unadorned, the defendant-unlawfully-harmed-me accusation" in Plaintiff's Complaint here. *Compare In re Yahoo! Inc. Customer Data Security Breach Litigation*, 313 F. Supp. 3d 1113, 1148 (N.D. Cal. 2018) (specifically alleging two chief information security officers and the general counsel knew about "gaping holes in Yahoo's data security" and the breach as it was happening but took no specific actions in response) *with* Compl. ¶ 24 ("Defendants breached this duty by failing to implement reasonable security measures and protocols").

In sum, Plaintiff's Opposition offers no argument or authority to support her claims against Agarwal. The Court should therefore dismiss all claims alleged against Defendant Agarwal with prejudice.

### E. **Plaintiff does not dispute that this Court lacks personal jurisdiction over Amazon India.**

Defendants' Motion explains that the bare bone conclusory allegations in the Complaint are insufficient to establish personal jurisdiction over Amazon India. (*See* Mot. at 10–11). Specifically, the Complaint does not allege that Amazon India conducts substantial business within the State of Georgia (*id.*), and it acknowledges that Amazon India's principal place of business is in India. (Compl. ¶¶ 1, 8). Plaintiff does not contest these points—let alone attempt to address these deficiencies— in her Opposition and therefore concedes them. *Barnes*, 253 F.Supp.3d at 1171. Thus, Defendant

Amazon India is not subject to the personal jurisdiction of this Court and should be dismissed from this action.

      **F.**    **Plaintiff's Opposition primarily addresses arguments Defendants did not make and asserts claims not pled in the Complaint.**

The majority of Plaintiff's Opposition is devoted to responding to inapplicable arguments the Defendants did not make in the Motion, (*see* Opp. at 1–2, 10–11, 14–15),[6] and suggesting new claims for relief under statutes that were not pled in the Complaint. (*See id.* at 2–9, 12–13, 17) (demanding discovery, compelling settlement negotiations, and asserting breach of contract claim and violations of the EU's General Data Protectional Regulation, California's Consumer Privacy Act, New York's SHIELD Act, and Texas' Data Privacy and Security Act)). Setting aside the fact that Plaintiff's new claims are based on foreign and international regulations and other states' statutes that have no application to this Court or a Georgia resident, "[i]t is well-settled that a plaintiff may not amend its complaint by raising arguments for the first time in its response to a motion to dismiss." *Huck v. Phila. Consol. Holding Corp.*, No. 1:19-cv-03336-SDG, 2020 WL 4726753, at *6 (N.D. Ga. Mar. 19, 2020) (dismissing breach of contract claim where Plaintiff did not allege the specific provisions breached by Defendants until the response to the motion to dismiss); *Adr1assist, LLC v. Lima One*

---

[6] Contrary to the arguments set forth in Plaintiff's Opposition, Defendants' Motion does not challenge the Court's personal jurisdiction over Defendant Agarwal. (*See* Opp. at 10–11). Nor do any of the Defendants attempt "to shield itself from liability by citing its Terms of Service (TOS) disclaimers." (*Id.* at 14–15). Indeed, Defendants do not reference any "Terms of Service" or "disclaimers" in their Motion.

*Cap., LLC*, 580 F.Supp.3d 1293, 1300 (N.D. Ga. 2011) ("The Eleventh Circuit has repeatedly held that plaintiffs cannot amend their complaint through a response to a motion to dismiss") (internal citations omitted).  Accordingly, the Court need not consider and should summarily reject Plaintiff's unresponsive and inapplicable arguments, and its newly-pled allegations, none of which save the claims Plaintiff has actually pled from dismissal.

## II.   CONCLUSION

For the reasons set forth above, as well as those in its original Motion, the Defendants respectfully request that the Court: (1) grant the Motion to Dismiss; (2) dismiss all claims asserted in Plaintiff's Complaint with prejudice as to all Defendants; and (3) grant such other relief as the Court deems just and necessary.

Dated:  March 24, 2025                                K&L GATES LLP

By: */s/ Nathan A. Huff*
Nathan A. Huff (Bar ID No. 275532)
K&L GATES LLP
430 Davis Drive, Suite 400
Morrisville, NC 27560
Phone: (919) 314-5636
Fax: (919) 516-2045
nate.huff@klgates.com

*Attorneys for Defendants*
*Amazon.com, Inc., Amazon Data*
*Services India Private Limited, and Amit*
*Agarwal*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| L. ROCHELLE BANKHEAD,<br><br>      Plaintiff,<br><br>      v.<br><br>AMAZON.COM, INC., AMAZON DATA SERVICES INDIA PRIVATE LIMITED, and AMIT AGARWAL, CEO of Amazon India,<br><br>      Defendants. | Case No. 3:24-cv-0167 |

**CERTIFICATE OF COMPLIANCE WITH PAGE AND TYPE LIMITATIONS**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing Reply in Support of Defendants' Motion to Dismiss Plaintiff's Complaint contains 8 pages, has been prepared with Times New Roman (14-point) font consistent with Local Rule 5.1, and does not contain more than 10 characters per inch of type.

This 24th day of March 2025.

                                                    */s/ Nathan A. Huff*
                                                    Nathan A. Huff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| L. ROCHELLE BANKHEAD,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., AMAZON DATA SERVICES INDIA PRIVATE LIMITED, and AMIT AGARWAL, CEO of Amazon India,<br><br>    Defendants. | Case No. 3:24-cv-0167 |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served on this 24th day of March 2025, a copy of the foregoing Reply in Support of Defendants' Motion to Dismiss Plaintiff's Complaint was served upon the following:

L. Rochelle Bankhead
65 Crescent Street
Newnan, GA 30265
(678) 789-8950
l.rochellebankhead@gmail.com

*Pro Se Plaintiff*

This 24th day of March, 2025.

*/s/ Nathan A. Huff*
Nathan A. Huff
