IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| L. ROCHELLE BANKHEAD,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., AMAZON DATA SERVICES INDIA PRIVATE LIMITED, and AMIT AGARWAL, CEO of Amazon India,<br><br>    Defendants. | Case No. 3:24-cv-0167-TCB |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendants Amazon.com, Inc., Amazon Data Services India Private Limited, and Amit Agarwal (collectively, "Defendants") respectfully submit this opposition to the Motion for Leave to File Amended Complaint (the "Motion") filed by Plaintiff L. Rochelle Bankhead. The Court should deny Plaintiff's Motion for two reasons:

*First*, Plaintiff's Motion is untimely, given that Defendants' Motion to Dismiss Plaintiff's original Complaint is fully briefed and pending before the Court.

*Second*, Plaintiff's proffered amendments are futile and will not survive a motion to dismiss. Indeed, Plaintiff's proposed Amended Complaint ("PAC") asserts the same three flawed causes of action pled in Plaintiff's original Complaint—(1) violation of the Federal Trade Commission Act ("FTCA") (Count I); (2) violation of the Computer Fraud and Abuse Act ("CFAA") (Count II); and (3) negligence (Count III). And each of those purportedly amended claims fails as a matter of law for the very same reasons

presented in Defendants' pending Motion to Dismiss. Nothing in Plaintiff's PAC—including her allegedly "new" allegations and evidence—cures the fundamental legal deficiencies that warrant dismissal of each of her causes of action.

Accordingly, the Court should deny Plaintiff's Motion for Leave to File an Amended Complaint and proceed to resolve Defendants' pending Motion to Dismiss.

## I.     LEGAL STANDARD

When a party, like Plaintiff, seeks to amend her pleading outside of the time limits set forth in Federal Rule of Civil Procedure 15(a)(1), she "may do so only by leave of court or by written consent of the adverse party." *U.S. ex rel Saldivar v. Fresenius Med. Care Holdings, Inc.*, 972 F. Supp. 2d 1317, 1328 (N.D. Ga. 2013). Generally, leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). *Id.* Nevertheless, the Court may deny a motion for leave to amend "'(1) where there had been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1304 (N.D. Ga. 2015) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).

## II.     ARGUMENT

### A.     Plaintiff's Motion is Untimely and Procedurally Improper.

On February 7, 2025, Defendants filed a Motion to Dismiss Plaintiff's original Complaint. *See* ECF No. 15. Under Fed. R. Civ. P. 15(a), Plaintiff had a choice—either file an amended complaint within 21 days or file an opposition to the Motion to Dismiss.

2

*See* Fed. R. Civ. P. 15(a)(1)(B). Plaintiff chose the latter option and filed a Response in Opposition to Defendants' Motion on March 10, 2025. *See* ECF No. 21.[1] Defendants filed their Reply on March 24, 2025 (ECF No. 23), and the Court took the Motion to Dismiss under submission on March 31, 2025. Ten days later, Plaintiff filed the instant Motion seeking leave to amend her original Complaint. *See* ECF No. 24.

Plaintiff's strategic decision to stand on her original Complaint and oppose Defendants' Motion to Dismiss alone precludes Plaintiff's untimely attempt to amend. *See U.S. ex rel. Olhausen v. Arriva Med., LLC*, 511 F. Supp. 3d 1278, 1282–83 (S.D. Fla. 2021) (denying motion to amend where plaintiff "chose to oppose" a motion to dismiss and "declined 'to follow the well-trodden procedural path towards amendment.'") (quoting *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 930 (11th Cir. 2016)). Defendants' Motion to Dismiss the original Complaint is fully briefed and submitted to the Court. The Court should thus deny Plaintiff's Motion and proceed to address (and grant) Defendants' Motion to Dismiss.

### B.  **Plaintiff's Proposed Amendments are Futile; the PAC Does Not Cure the Legal Deficiencies in the Original Complaint.**

Plaintiff's Motion to Amend also fails on the substance. Like the original Complaint (and for the same reasons), Plaintiff's PAC does not state a single plausible

---

[1] That Plaintiff is proceeding *pro se* does not excuse her untimeliness. Although Plaintiff recognized that her Response was originally due on February 21, 2025, she requested an extension to March 10, 2025, which the Court granted. *See* ECF No. 17. Accordingly, Plaintiff understood the deadlines triggered by Amazon's Motion to Dismiss and the need for a timely response. She strategically chose to file a response brief rather than an amended complaint and should be bound by that choice.

or legally viable claim for relief. As such, Plaintiff's proposed amendments are futile and should be rejected. *See Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008) ("Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim.") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In her original Complaint, Plaintiff asserted causes of action against Defendants for violation of the FTCA, violation of the CFAA, and negligence. *See* ECF No. 3 at 15–16. As shown in Defendants' Motion to Dismiss, each claim fails as a matter of law:

- Count I: Plaintiff's FTCA claim "fails because the Act does not provide for a private cause of action";

- Count II: Plaintiff's CFAA claim "fails because the CFAA only provides for claims against the party who unlawfully accessed Plaintiff's confidential information without authorization (in this case, the unnamed third party)"; and

- Count III: Plaintiff's negligence claim "fails because there is no common law duty to safeguard the information at issue" under Georgia law.

ECF No. 15-1 at 2; *see also id.* at 5–8. The original Complaint also failed to sufficiently plead claims against Defendant Agarwal and did not allege facts to establish that Amazon India is subject to the personal jurisdiction of the Court. *See id.* at 2, 8–11.

Plaintiff's PAC neither corrects nor addresses any of the fundamental deficiencies of the original Complaint, which Defendants identified in their Motion to Dismiss. The PAC, in other words, would not only be vulnerable to a motion to dismiss, but it would be subject to dismissal under Defendants' **currently pending** Motion to Dismiss. This

4

is futility at its simplest. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed.") (internal quotation marks omitted); *Leslie v. Equifax Info. Servs. LLC*, No. 1:23-CV-00329-ELR, 2023 WL 9291987, at *5 (N.D. Ga. Dec. 14, 2023) ("the same standard of legal sufficiency as applied under a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is used to determine futility") (internal quotation marks omitted).[2]

First, the PAC asserts the same three causes of action against Defendants. *See* ECF No. 24-2 at 4–6 (asserting FTCA, CFAA, and negligence causes of action). But no purportedly new allegations or facts can cure the **legal** failings of those claims. The FTCA still lacks a private right of action; the CFAA still only provides a cause of action against the party who unlawfully accessed Plaintiff's confidential information (here, the unnamed individual with whom Plaintiff had a personal relationship); and Georgia law still provides that an entity has no duty of care to safeguard personal information and, thus, that Plaintiff cannot assert a viable negligence claim. *See* ECF No. 15-1 at 5–8 (Defendants' Motion to Dismiss); ECF No. 23 at 2–5 (Defendants' Reply). Because Plaintiff has not alleged, and cannot allege, new facts to support her claims, the Court should deny her Motion. *See Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021) (affirming denial of motion to amend where plaintiff "could not have alleged

---

[2] Although Plaintiff requests leave to amend to "[c]larify factual allegations," add more detail "regarding the harm suffered," "enhance" legal authorities, and correct "any procedural deficiencies" (ECF No. 24 at 2), she fails to accomplish any of those goals.

different facts to state a claim under . . . statutes [including the FTCA] that do not provide private rights of action").

Although the PAC contains purportedly "new" case citations (ECF No. 24-2 at 4, 5), Plaintiff relies on two of those cases in her Opposition to Defendants' Motion to Dismiss. *See* ECF No. 21 at 2, 4, 6, 7, 9–10, 13 (citing *FTC v. Wyndham Worldwide Corp.*, 700 F.3d 236 (3d Cir. 2015) and *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247 (11th Cir. 2021)). Defendants, in turn, explain in their Reply why *Wyndham Worldwide* does not support Plaintiff's FTCA claim and why *In re Equifax Inc. Customer Data Sec. Breach Litig.* does not support her negligence claim. *See* ECF No. 23 at 2, 3–4. Plaintiff's citation to *United States v. Rodriguez* in her proposed amended CFAA cause of action is equally misplaced. 628 F.3d 1258 (11th Cir. 2010) (*abrogated in part by Van Buren v. United States*, 593 U.S. 374 (2021)). The Court in *Rodriguez* affirmed a criminal conviction and sentence against an individual who personally accessed protected data without authorization. *Id.* at 1263. *Rodriguez* does not support the extension of a civil CFAA claim against Defendants who are plainly not "violators" subject to liability under the CFAA. *See* ECF No. 23 at 2–3.

Second, the PAC does not contain any new allegations regarding Defendant Agarwal, let alone allegations specifically alleging that Agarwal personally directed, participated in, or cooperated in any allegedly unlawful conduct. Like the original Complaint, Plaintiff's PAC improperly attempts to impose liability on Defendant Agarwal based solely on his status as a corporate officer. *See* ECF No. 15-1 at 8–10

6

(contending that Plaintiff fails to sufficiently plead a claim against Defendant Agarwal in the original Complaint); ECF No. 23 at 5–6 (same).  Indeed, the only allegation even mentioning Defendant Agarwal does nothing more than identify him as "the Chief Executive Officer of Amazon India" and contend in conclusory fashion that he is "responsible for [Amazon India's] digital and cybersecurity protocols."  ECF No. 24-2 at 3, ¶ 9; *see also* ECF No. 3 at 2, ¶ 9 (original Complaint similarly limited to conclusory allegations about Defendant Agarwal corporate position).

Third, the PAC lacks any new allegations addressing this Court's lack of personal jurisdiction over Amazon India.  *See* ECF No. 24-2 at 3, ¶ 8 (acknowledging that Amazon India "is a foreign subsidiary" of Amazon.com, Inc. that is "located in India").  Plaintiff did not contest Defendants' lack-of-personal-jurisdiction argument in her Opposition to Defendants' Motion to Dismiss, and she appears to take a similar approach in the PAC.  Plaintiff's proposed amendments, in short, do not address—let alone cure—this Court's lack of personal jurisdiction over Defendant Amazon India.  *See* ECF No. 15 at 10–11; ECF No. 23 at 6–7.

Finally, to the extent Plaintiff purports to offer new factual allegations in the PAC, any such new allegations are immaterial to the legal viability of her claims against Defendants.  In fact, Plaintiff's proposed amendments are primarily geared to further explaining and expanding the scope of her alleged injury.  *See* ECF No. 24-2 at 2, ¶ 2; 4, ¶ 14; & 6, ¶¶ 29–30.  But that puts the cart before the horse—Plaintiff must plead a plausible and legally viable claim before she can recover relief of any kind.  As stated

above, Plaintiff's proposed amendments do not cure the legal deficiencies inherent in her claims. Plaintiff also seeks to file supposed "evidence" in the form of e-mails and screenshots. *See* ECF No. 24-3 (Exhibit D to Plaintiff's Motion, styled "Evidence Summary"). But many of those "exhibits" were included in or attached to the original Complaint. *See* ECF No. 3 at 4–6, 8–9, 10–15 (e-mails and screen shots included or discussed in original Complaint); ECF No. 3-1 at 1–11 (Exhibit List for the original Complaint, including e-mail and screenshot exhibits). And, again, none of those "exhibits" cure—nor can they possibly cure—the ***legal*** failings that require dismissal of Plaintiff's original and proposed amended claims.

In short, Plaintiff's PAC neither corrects the deficiencies challenged in Defendants' Motion to Dismiss nor states a plausible or legally viable claim for relief against Defendants. Plaintiff's proposed amendments are therefore futile and the Court should deny her Motion to Amend. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (affirming denial of motion to amend "because the three new claims asserted, like those in her first amended complaint, would have been subject to dismissal as a matter of law"); *Henley v. Turner Broad. Sys., Inc.*, 267 F. Supp. 3d 1341, 1363–64 (N.D. Ga. 2017) (denying amendment where proposed amended complaint would require dismissal for the same reasons as the initial complaint because plaintiff "offers no new substantive allegations" and rests on "cosmetic" and "largely stylistic changes" that did "not cure the deficiencies in the Complaint").

### III.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to File Amended Complaint and proceed to address (and grant) Defendants' pending Motion to Dismiss.

Dated:  April 24, 2025                                    K&L GATES LLP


By: */s/ Nathan A. Huff*
Nathan A. Huff (Bar ID No. 275532)
K&L GATES LLP
430 Davis Drive, Suite 400
Morrisville, NC 27560
Phone: (919) 314-5636
Fax: (919) 516-2045
nate.huff@klgates.com

*Attorneys for Defendants*
*Amazon.com, Inc., Amazon Data*
*Services India Private Limited, and Amit*
*Agarwal*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| L. ROCHELLE BANKHEAD,<br><br>      Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., AMAZON DATA SERVICES INDIA PRIVATE LIMITED, and AMIT AGARWAL, CEO of Amazon India,<br><br>      Defendants. | Case No. 3:24-cv-0167 |

**CERTIFICATE OF COMPLIANCE WITH PAGE AND TYPE LIMITATIONS**

      Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing Defendants' Opposition to Plaintiff's Motion for Leave to File Amended Complaint contains 8 pages, has been prepared with Times New Roman (14-point) font consistent with Local Rule 5.1, and does not contain more than 10 characters per inch of type.

      This 24th day of April 2025.

                                                                 */s/ Nathan A. Huff*
                                                                 Nathan A. Huff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| L. ROCHELLE BANKHEAD,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., AMAZON DATA SERVICES INDIA PRIVATE LIMITED, and AMIT AGARWAL, CEO of Amazon India,<br><br>    Defendants. | Case No. 3:24-cv-0167 |

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have served on this 24th day of April 2025, a copy of the foregoing Defendants' Opposition to Plaintiff's Motion for Leave to File Amended Complaint was served upon the following:

L. Rochelle Bankhead
65 Crescent Street
Newnan, GA 30265
(678) 789-8950
l.rochellebankhead@gmail.com

*Pro Se Plaintiff*

This 24th day of April, 2025.

*/s/ Nathan A. Huff*
Nathan A. Huff
